UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BOARDS OF TRUSTEES OF THE OHIO LABORERS BENEFITS,** | * Case No. 2:20-cv-1211 |
| *Plaintiffs,* | * |
| v. | * |
| **UNITED MASONRY CONSTRUCTION COMPANY, LLC,** | * **COMPLAINT** |
| *Defendant.* | * |

Plaintiffs Boards of Trustees of the Ohio Laborers Benefits, by and through undersigned counsel, state their Complaint as follows:

## PRELIMINARY STATEMENT

Plaintiffs bring this action seeking equitable relief, monetary relief, costs, and attorneys' fees. Specifically, Plaintiffs seek an audit of Defendant's financial records from September 1, 2018 until present, which Defendant has refused to date. Plaintiffs seek, upon completion of the audit, delinquent contributions, liquidated damages, and interest attributable to delinquent contributions pursuant to the terms of governing plan documents. Finally, Plaintiffs seek orders from this Court (1) enjoining Defendant from further breaching the terms of the plan documents and violating ERISA and (2) enforcing the terms of the plan documents and ERISA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185, and 29 U.S.C. § 1132(e).

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in Franklin County, Ohio and under 29 U.S.C. § 1132(e)(2) because the plans are administered in Franklin County, Ohio.

3. Under 29 U.S.C. § 1132(h), a copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury by certified mail.

**PARTIES**

4. Plaintiffs are the fiduciaries of three employee benefit plans—the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund of Ohio, the Ohio Laborers' Training and Apprenticeship Trust Fund—and one labor-management cooperative trust known as Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust. The plans collectively are known as the "Ohio Laborers Benefits," and maintain their principal office and place of business at 800 Hillsdowne Road, Westerville, Ohio 43081. The plans also are obligated pursuant to collective bargaining agreements to collect contributions to the LIUNA Tri-Funds, three national labor-management cooperative trusts.

5. Defendant United Masonry Construction Company LLC ("Defendant") is an Ohio limited liability company that maintains its principal place of business in Cuyahoga County, Ohio. Defendant is an "employer" in "commerce" or "affecting commerce" within the meaning of 29 U.S.C. § 1002(5), 29 U.S.C. § 1002(1), and 29 U.S.C. § 1002(12), and within the meaning of 29 U.S.C. § 152(2), 29 U.S.C. § 152(5), and 29 U.S.C. § 152(7).

**FACTUAL BACKGROUND**

6. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

7. Defendant and Laborers International Union of North America, Locals 894 and 125 are signatory to Building Agreements covering work in various Ohio counties ("CBAs").

8. Defendant was at all times relevant bound to the Agreements and Declarations of Trust establishing the Ohio Laborers Benefits and the LIUNA Tri-Funds by virtue of executing the CBAs.

9. All of those referenced documents obligated Defendant to file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Ohio Laborers Benefits on behalf of all persons as defined in the aforesaid collective bargaining agreement.

10. The CBAs, the Agreements and Declarations of Trust, and the rules and regulations promulgated by the Boards of Trustees for the Ohio Laborers Benefits authorize Plaintiffs to conduct an audit of financial records, collect delinquent contributions, and assess and collect liquidated damages and interest where an employer like Defendant fails to timely remit required contributions and deductions.

11. Defendant has refused to permit Plaintiffs' auditors access to Defendant's financial records from September 1, 2018 to present and has refused to pay known delinquencies.

12. Plaintiffs have demanded payment and Plaintiffs' auditors have demanded access to Defendant's financial records in order to perform an audit.

13. To date, Defendant has not made payment or permitted Plaintiffs' auditors access to Defendant's financial records and has not paid known delinquent contributions, damages, and interest.

## FIRST CLAIM FOR RELIEF
### (*Breach of Collective Bargaining Agreements*)

14. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

15. Pursuant to the terms of the CBAs, Defendant was required to remit contributions to Plaintiffs and to permit access to its financial records.

16. As such, Plaintiffs are intended third-party beneficiaries entitled to enforce the terms of the CBAs.

17. Defendant's failure to permit access to financial records and its failure to remit timely payment on the delinquent contributions and deductions, the liquidated damages, and interest assessed by Plaintiffs constitutes a breach of the CBAs and a violation of 29 U.S.C. § 185.

18. As a direct and proximate result of Defendant's breach of the CBAs, Plaintiffs have suffered damages in an amount to be determined after an audit and at trial.

## SECOND CLAIM FOR RELIEF
### (*ERISA*)

19. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

20. Defendant's failure and refusal to permit access to its financial records and to make said payments under the CBAs constitutes a violation of 29 U.S.C. § 1145.

21. Defendant's violation of 29 U.S.C. § 1145 has damaged Plaintiffs.

22. Plaintiffs therefore seek and are entitled to access to Defendant's financial records; any unpaid contributions discovered as a result of the audit; interest and penalties due and owing

on unpaid contributions; and the costs involved in bringing this action, including attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g).

## THIRD CLAIM FOR RELIEF
### (*Injunctive Relief*)

23. The allegations above are incorporated specifically by reference as if fully re-alleged herein.

24. In failing to permit access to its financial records and to pay contributions due and owing under the CBAs, Defendant breached the terms of the governing documents of the Ohio Laborers Benefits and violated 29 U.S.C. § 1145.

25. Plaintiffs therefore seek, pursuant to 29 U.S.C. §§ 1132(a)(3)(A) and (B), an Order from this Court (1) ordering Defendant to provide Plaintiffs access to Defendant's financial records, (2) enjoining Defendant from further breaching the terms of the governing documents of the Ohio Laborers Benefits and violating ERISA, (3) ordering Defendant to submit monthly contribution reports to Plaintiffs, and (4) enforcing the governing documents of the Ohio Laborers Benefits and ERISA.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment as follows:

A. That this Court enter an Order requiring Defendant to provide Plaintiffs with access to Defendant's financial records from September 1, 2018 until present;

B. That this Court enter an Order that Defendant's failure to remit timely required contributions and deductions constitutes a violation of 29 U.S.C. § 1145;

C. That this Court enter an Order that Defendant's failure to timely remit required contributions and deductions is a breach of the CBAs and constitutes a violation of

29 U.S. C. § 185;

      D.      That this Court enter an Order requiring Defendant to pay to Plaintiffs the current amount of delinquent contributions, liquidated damages, and interest owed as a result of the untimely remittances discovered by virtue of the audit;

      E.      That this Court enter an Order pursuant to the CBAs and 29 U.S.C. § 1132(g) requiring Defendant to pay the costs of this action, including reasonable attorneys' fees and expenses; and

      F.      That this Court award any and all other relief deemed appropriate.

      Respectfully submitted,

      MANGANO LAW OFFICES CO., LPA

      s/Ryan K. Hymore
      Ryan K. Hymore (0080750) [Trial Attorney]
      3805 Edwards Road, Suite 550
      Cincinnati, Ohio 45209
      T: (513) 255-5888
      F: (216) 397-5845
      rkhymore@bmanganolaw.com

      *Counsel for Plaintiffs*